IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HERBERT RADAR, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>WIRX PHARMACY II d/b/a WIRX PHARMACY,<br><br>Defendant. | CIVIL ACTION<br>NO. 26-1308 |
| TARA CAULKER, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>WIRX PHARMACY,<br><br>Defendant. | CIVIL ACTION<br>NO. 26-1339 |
| REBECCA MUNGIA ORTEGA, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>WIRX PHARMACY,<br><br>Defendant. | CIVIL ACTION<br>NO. 26-1423 |

**ORDER**

**AND NOW**, this 13th day of May 2026, upon consideration of Plaintiff Herbert Radar's Motion to Consolidate and Appoint Kenneth J. Grunfeld as Interim Lead Class Counsel (Case No.

26-cv-1308, Doc. No. 6), Plaintiff Tara Caulker's Motion to Consolidate and Appoint Kenneth J. Grunfeld, Esquire, as Interim Lead Class Counsel (Case No. 26-cv-1339, Doc. No. 6), Plaintiff Rebecca Mungia Ortega's Motion to Consolidate and Appoint Kenneth J. Grunfeld as Interim Lead Class Counsel (Case No. 26-cv-1423, Doc. No. 5), and Rebecca Mungia Ortega's unopposed Motion to Appoint Jason S. Rathod as Additional Interim Co-Lead Counsel (Case No. 26-cv-1423, Doc. No. 12), it is **ORDERED** that Plaintiffs' Motions to Consolidate and Appoint Kenneth J. Grunfeld, Esquire, as Interim Lead Class Counsel (Case No. 26-cv-1308, Doc. No. 6; Case No. 26-cv-1339, Doc. No. 6; Case No. 26-cv-1423, Doc. No. 5) are **GRANTED** and Rebecca Mungia Ortega's Motion to Appoint Jason S. Rathod, Esquire, as Additional Interim Co-Lead Counsel (Case No. 26-cv-1423, Doc. No. 12) is **GRANTED**.[1]

It is **FURTHER ORDERED** that:

1. The hearing on the Motions, scheduled for **May 21, 2026 at 10:30 a.m.**, is **CANCELED**.
2. The Court consolidates Caulker v. Wirx Pharmacy, No. 26-cv-1339 (E.D. Pa.) and Ortega v. Wirx Pharmacy, No. 26-cv-1422 (E.D. Pa.), as well as any future related actions assigned to Judge Joel H. Slomsky, under the docket number of this first-filed case: Radar v. Wirx Pharmacy II d/b/a Wirx Pharmacy., No. 26-cv-1308 (E.D. Pa.) ("Radar") (collectively, the "Consolidated Action").
3. The case file for the Consolidated Action will be maintained under the Rader case (No. 26-cv-1308).
4. The Clerk of Court shall **CLOSE** the Caulker case (No. 26-cv-1339) and the Ortega case (No. 26-cv-1423) for statistical purposes only.

---

1 Defendants in the three cases, Wirx Pharmacy and Wirx Pharmacy II, "do[] not oppose consolidation and take[] no position on our proposed leadership structure" of the consolidated class action. (See 26-cv-1308, Doc. No. 1 at 2.)

5. Pursuant to Fed. R. Civ. P. 23(g)(3), Kenneth J. Grunfeld, Esquire and Jason S. Rathod, Esquire shall be Interim Co-Lead Class Counsel to act on behalf of the Plaintiffs and the class members in the Consolidated Action[2] with shared responsibilities set forth below:

---

[2] Plaintiffs in each case consent to the appointment of Kenneth J. Grunfeld, Esquire, as interim lead class counsel. Only Plaintiff Ortega requests the appointment of Jason S. Rathod, Esquire, as co-lead interim counsel.

Federal Rule of Civil Procedure 23(g)(3) permits a court to "designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action." Fed. R. Civ. P. 23(g)(3). "The selection of interim lead counsel is a decision within the Court's broad discretion." Mitchell v. Kenvue, Inc., No. 24-cv-4109, 2025 WL 1224229, at *2 (D.N.J. Apr. 28, 2025). In designating interim counsel, courts consider the same four factors listed in Rule 23(g)(1), which governs the appointment of class counsel. In re Vanguard Chester Funds Litig., 625 F. Supp. 3d 362, 365 (E.D. Pa. 2022). Those four factors, as well as other relevant considerations, include:

> (i) the work counsel did to identify and investigate the claims; (ii) counsel's experience with class actions, other complex litigation, and the types of claims asserted; (iii) counsel's knowledge of the applicable law; and (iv) the resources counsel can commit to represent the class. Courts also consider "any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(g)(1)(B). Ultimately, a judge should appoint the class counsel "best able to represent the interests of the class" in light of all of the factors in Rule 23(g)(1)(A) and (g)(1)(B). Fed. R. Civ. P. 23 Advisory Comm. Note (2003 amendments)

Hall v. Healthcare Servs. Grp. Inc., No. 25-cv-4908, 2025 WL 3280943, at *1 (E.D. Pa. Nov. 24, 2025) (appointing co-lead interim counsel in a data breach class action case).

The Court has evaluated the four factors as to Mr. Grunfeld, and he qualifies as interim lead counsel in this case. In addition, Plaintiffs in each case request that Mr. Grunfeld be appointed interim lead counsel, and the Defendants have not objected to this appointment. Regarding Mr. Rathod, only Plaintiff Ortega has requested that Mr. Rathod be appointed as co-lead counsel. For this reason, the Court will examine more fully the four factors as to whether to appoint Mr. Rathod as interim co-lead counsel.

Turning to the first factor, which is the work counsel has done to identify and investigate the claims, Plaintiff Ortega's Motion does not address this factor.

The second factor considers counsel's experience with class actions, other complex litigation, and the types of claims asserted. For this factor, Plaintiff Ortega cites to class action cases and multi-district litigation that Mr. Rathod worked on, including cases were he was

a. Determine and present (in briefs, oral argument, or such other fashion as may be appropriate, personally or by a designee) to the Court and opposing parties the position of the Plaintiffs on all matters arising during pretrial proceedings;

b. Coordinate the initiation and conduct of discovery on behalf of Plaintiffs and the putative class consistent with the requirements of the Federal Rules of Civil Procedure;

c. Convene meetings amongst counsel;

d. Conduct settlement negotiations on behalf of Plaintiffs and the putative class;

e. Negotiate and enter into stipulations with opposing counsel as necessary for the conduct and efficient advancement of the litigation;

f. Monitor the activities of all counsel to ensure that schedules are being met and unnecessary expenditures of time and funds are avoided;

---

appointed to serve in a leadership capacity. (No. 26-cv-1423, Doc. No. 12 at 3–5.) Like the present case, many of the cited cases involved data breaches. (Id.)

As for the third factor, which consider counsel's knowledge of the applicable law, Mr. Rathod's knowledge of data breach law is demonstrated not only by his experience working on data breach cases, but also by his authorship of two academic articles relating to class action litigation and the role of private enforcement laws. (No. 26-cv-1423, Doc. No. 12 at 7.)

For the fourth factor, which considers the resources counsel can commit to represent the class, Plaintiff Ortega's Motion does not address it.

Despite Plaintiff Ortega's failure to address the first and fourth factors, Mr. Rathod's experience in complex litigation related to data breaches and his knowledge of that area of law both weigh in favor of appointing him as interim co-lead counsel with Mr. Grunfeld.

Three additional factors weigh in favor of appointing Mr. Rathod. First, neither Plaintiff Radar nor Plaintiff Caulker filed a specific objection as to Mr. Rathod's appointment. In their Motions to Appoint Mr. Grunfeld as sole interim lead counsel, Plaintiffs Radar and Caulker merely state that "a single lawyer leadership structure is the most efficient way to successfully litigate this action," but do not explain why. (See, e.g., No. 26-cv-1308, Doc. No. 6 at 4–5.) Second, Mr. Rathod cites to two cases when he was co-counsel with attorneys from Mr. Grunfeld's firm, demonstrating their ability to work cooperatively. (No. 26-cv-1423, Doc. No. 12 at 3–4, 8.) Third, in their Motions to Appoint Mr. Grunfeld as sole interim lead counsel, Plaintiffs cite to multiple cases involving complex data breaches—including cases Mr. Grunfeld worked on—where courts appointed co-lead counsel. (Id. at 3–4, 10.) Given the broad discretion afforded to the Court to appoint interim lead counsel, Mr. Grunfeld and Mr. Rathod will be appointed co-lead interim counsel.

g. Perform such other duties as may be incidental to the proper coordination of Plaintiffs' pretrial activities or authorized by further order of this Court;

h. Serve as the primary contacts for communications between the Court and other Plaintiffs' counsel;

i. Ensure that all notices, orders, and material communications are properly distributed (to the extent that they are not otherwise served on Plaintiffs' counsel via the Court's electronic filing system);

j. Communicate with Defense counsel as necessary to promote the efficient advancement of this litigation;

k. Make available to other Plaintiffs' counsel documents produced by the Defendants; and

l. Allocate attorneys' fees.

6. Any additional plaintiffs' counsel will perform work in this litigation only at the direction of Interim Co-Lead Class Counsel. No motion, request for discovery, or other pretrial proceedings shall be initiated or filed by any plaintiff except through Interim Co-Lead Class Counsel, and no other plaintiffs' counsel or firm shall be authorized to file any papers or perform any work in the case without the express authorization of Interim Co-Lead Class Counsel

7. Interim Co-Lead Class Counsel shall have sole authority to communicate with Defendant's counsel—including with respect to settlement and settlement negotiations—and the Court on behalf of any Plaintiff unless that authority is expressly delegated to other counsel. Defendant's counsel may rely on all agreements made with Interim Co-Lead Class Counsel, and such agreements shall be binding on all other plaintiffs' counsel.

8. This Order shall apply to the above-captioned matters, any subsequently consolidated action, any actions consolidated with the above-captioned matters, and any actions filed in,

transferred to, removed to, or otherwise assigned to Judge Joel H. Slomsky relating to the facts and the data breach underlying this litigation.

9. Interim Co-Lead Class Counsel must serve a copy of this Order and all future orders promptly by overnight delivery service, facsimile, or other expeditious electronic means on counsel for plaintiffs in any related action to the extent that Interim Co-Lead Class Counsel is aware or become aware of any such action(s) and on all attorneys for plaintiffs whose cases may subsequently consolidated with the above actions.

10. Plaintiffs in the Consolidated Action shall file an operative, consolidated complaint **by June 12, 2026**. Defendants are relieved from responding to any of the complaints initially filed in the Consolidated Actions. The parties will meet and confer **within one week from the time of filing the operative, consolidated complaint** about a Motion to Dismiss briefing schedule, and submit a stipulated briefing schedule to the Court.

BY THE COURT:

/s/ Joel H. Slomsky

JOEL H. SLOMSKY, J.